**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NUSRATULLO SHERALIEV,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-3628 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is Petitioner Nusratullo Sheraliev's motion for attorneys' fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 10 & 12).

2. Petitioner is a citizen of Russia. (*Id.* ¶ 18). He entered the United States in 2022. (*Id.* ¶ 19).

3. He was detained by ICE on April 6, 2026 at a check-in appointment. (*Id.* ¶ 21).

4. On April 14, 2026, this Court concluded that Petitioner was being unlawfully detained and ordered his release. (ECF No. 8). Petitioner was released, (ECF No. 9), and he now seeks attorneys' fees under the EAJA, (ECF Nos. 10 & 12).[1] Respondents oppose the Motion. (ECF No. 11).

5. The EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs if the Government's position was not 'substantially justified' or 'special circumstances make

[1] ECF No. 12 amends the initial motion to use the Community Legal Services of Philadelphia Fee Schedule.

an award unjust.'" *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026) (quoting 28 U.S.C. §2412(d)(1)(A)).

6. In *Michelin*, the Third Circuit held as a matter of first impression that "[h]abeas challenges to immigration detention under 28 U.S.C. §2241 are civil actions." *Id.* at 425. This Court granted Petitioner's habeas petition; therefore, Petitioner is a prevailing party in a civil action against the United States.

7. Respondents now bear the burden of proving their position was justified. *Id.* at 433.

8. Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)).

9. "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).

10. "[I]n immigration cases, the Government must meet the substantially justified test twice—once with regard to the underlying agency action and again with regard to its litigation position in the proceedings arising from that action." *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).

11. Significantly, courts may "not assume the position of the Government was not substantially justified simply because it lost." *Michelin*, 169 F.4th at 433.

12. This Court concludes that Respondents' pre-litigation conduct of holding Petitioner without bond was substantially justified for purposes of the EAJA.

13. Section 1225 provides in relevant part that "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).

14. On September 5, 2025, the Board of Immigration Appeals (BIA) adopted respondents' argument and held that immigration courts could not conduct bond hearings for noncitizens who were detained pursuant to § 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

15. Petitioner was detained on April 6, 2026. While this Court unequivocally disagrees with the BIA's statutory interpretation as a matter of law,[2] Respondents did no more than follow a binding administrative decision in detaining Petitioner. "Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful." *Gjergj G. v. Edwards*, No. 19-cv-5059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) (concluding Government was substantially justified in holding noncitizen without a bond hearing as it was following BIA precedent).

16. Respondents were also substantially justified in relying on *Hurtado* during the pendency of this matter.

[2] *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (noting district judges "have always been expected to apply their 'judgment' *independent* of the political branches when interpreting the laws those branches enact." (emphasis in original)).

17. There is a circuit split regarding Respondents' statutory interpretation of § 1225(b)(2). At least two courts of appeals have agreed with Respondents' interpretation. *See Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).

18. "Although a single court decision is not itself proof positive of substantial justification, that the Government's position has produced favorable decisions by other federal courts and administrative courts is an 'objective indicia' of substantial justification." *Gjergj G.*, 2019 WL 3245104, at *2 (quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)); *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

19. The statutory interpretation of immigration statutes is rapidly evolving. Therefore, this Court cannot say that Respondents' position was unjustified. *Michel*, 68 F.4th at 78 ("When the issue is a novel one with little to no precedent, courts have been hesitant to find the government's position not substantially justified.")

20. Therefore, this Court will deny the Motion.

21. An appropriate order follows.



Hon. Susan D. Wigenton,
United States District Judge
Dated: August 19, 2026